UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 1:17-cr-83 |
| v. | ) |
| | ) Judge Mattice/Lee |
| | ) |
| ANDRE GRIER, | ) |
| also known as "HOLLYWOOD" | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Andre Grier, and the defendant's attorney, Erin P. Rust, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

Count 1: Possession of a firearms by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

The punishment for this offense is as follows:

Count 1 (18 U.S.C. § 922(g)(1))

If defendant is not determined to be an Armed Career Criminal, imprisonment for up to ten years; fine of up to $250,000; supervised release for up to three years; any lawful restitution; and a $100 special assessment.

If defendant is determined to be an Armed Career Criminal, a term of imprisonment of not less than fifteen years and up to Life; fine of up to $250,000; supervised release for up to five years; any lawful restitution; and a $100 special assessment.

2. There are no additional counts in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

Count 1 (18 U.S.C. § 922(g)(1))

a. The defendant knowingly possessed firearms.

b. Prior to that possession, the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year.

c. The firearms traveled in and affected interstate commerce.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) On August 2, 2016, the Federal Bureau of Investigation ("FBI") assisted the United States Marshals Service ("USMS") in arresting the defendant on state warrants at a residence in Chattanooga, Tennessee. After arresting the defendant, FBI searched the residence in which they arrested him and found, among other things, a loaded Astra 9mm semi-automatic firearm under the box springs of the bed in the front bedroom. The firearm was in a plastic bag which was wrapped in a white tee shirt. FBI also found: a Cobray 9mm semi-automatic firearm in an air conditioning vent in the front bedroom, 9mm ammunition in various places in the front bedroom, titles to two vehicles which were found in a blue backpack in a back bedroom, and paperwork and clothing belonging to the defendant in the front bedroom.

c) Prior to possessing the firearms, the defendant was a convicted felon. The defendant had at least the following felony convictions: Evading Arrest and Attempted Possession of Cocaine for Resale.

d) The defendant admits he knowingly possessed firearms on or about the date charged in the indictment.

e) If this case proceeded to trial an expert would testify that the firearms did travel in and affect interstate commerce.

f) All of these events occurred in the Eastern District of Tennessee.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b)     the right to a speedy and public trial by jury;

    c)     the right to assistance of counsel at trial;

    d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e)     the right to confront and cross-examine witnesses against the defendant;

    f)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g)     the right not to testify and to have that choice not used against the defendant.

6.     Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of 55 months of incarceration to be followed by a three-year term of supervised release is the appropriate disposition of this case. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable, and order restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from this plea agreement. Furthermore, in the event that this Court determines that the defendant is an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e), either party may withdraw from this plea agreement.

7.     The defendant agrees to pay the special assessment in this case prior to sentencing.

8.     Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.

The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

9. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the

defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

10. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

(c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the

defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

NANCY STALLARD HARR
UNITED STATES ATTORNEY

9/12/17
Date

By: _____
Christopher D. Poole
Assistant United States Attorney

9.12.2017
Date

_____
Andre Grier
Defendant

9.12.2017
Date

_____
Erin P. Rust
Attorney for the Defendant

8